IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATONIA LEVERIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:21cv2030 |
| VS. | § | |
| | § | Jury Trial Demanded |
| QUEST DIAGNOSTICS, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Latonia Leveridge files this Complaint against Defendant Quest Diagnostics, Inc.

### Parties

1. Plaintiff Latonia Leveridge is an individual residing in Harris County, Texas.

2. Defendant Quest Diagnostics, Inc. is a Delaware corporation with its principal place of business in New Jersey. Defendant may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin Texas 78701-3218.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Americans with Disabilities Act. The Court also has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper because Quest Diagnostics employed Ms. Leveridge in this District and because all of the events in question occurred in this District.

### Claim for Relief

5. Ms. Leveridge worked for Quest Diagnostics as a driver in Houston for a number of years.

6. Ms. Leveridge suffers from PTSD and anxiety disorders. This is a disability for purposes of the FMLA, in that it substantially limits major life activities, including thinking and concentrating, while active.

7. In July 2020, Ms. Leveridge requested medical leave as an accommodation for her disability. Quest Diagnostics, through its agent Cigna, approved this accommodation through December 14, 2020.

8. When Ms. Leveridge returned to work on or about December 15, 2020, her supervisor immediately terminated her based on the bogus claim that, prior to her medical leave, she had been speeding on I-45. This was not true and, in any event, had not even been discussed with Ms. Leveridge before she went out on leave. This was a pretext to terminate Ms. Leveridge because of her disability and her medical leave.

9. Ms. Leveridge filed a charge of discrimination with the EEOC and the TWC on March 16, 2021. The EEOC issued a right to sue letter on March 23, 2021.

10. All conditions precedent have occurred or been satisfied.

11. Quest Diagnostics violated the ADA and Chapter 21 of the Texas Labor Code by terminating Ms. Leveridge because of her actual disability, because of her record of disability, or because it regarded her as disabled, or alternatively in retaliation for exercising her rights under the ADA and Chapter 21 or to interfere with the exercise of those rights.

12. Quest Diagnostics therefore liable to Ms. Leveridge for back pay, loss of benefits, compensatory damages including punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, Quest Diagnostics should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Leveridge and against Quest

Diagnostics for back pay, loss of benefits, compensatory damages including punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

                Respectfully submitted,

                /s/ David C. Holmes
                David C. Holmes, Attorney in Charge
                State Bar No. 09907150
                Southern District No. 5494
                13201 Northwest Freeway, Suite 800
                Houston, Texas 77040
                Telephone: 713-586-8862
                Fax: 713-586-8863
                dholmes282@aol.com

                ATTORNEY FOR PLAINTIFF